DOCKER (MINCHIN v.). See Case No. 9,628.

---

## Case No. 3,946a.

### In re DODGE.

[Betts' Scr. Bk. 55.]

District Court, S. D. New York. March, 1842.

VOLUNTARY BANKRUPTCY—PETITION—SCHEDULE OF REAL ESTATE.

[1. A voluntary petition in bankruptcy need not allege the insolvency or dissolution of a firm of which petitioner was a member.]

[2. A schedule of petitioner's real estate which states the county and town in which the prop-

erty is situated, together with the name of the grantor, is sufficiently accurate.]

[In bankruptcy. On objections to petition of Levi Dodge, a voluntary bankrupt. Overruled.]

BETTS, District Judge. Objections have been made to the sufficiency of the petitioner's papers; that the petitioner does not show that the various firms of which he was a member are insolvent, and that they are not in a situation to apply for the benefit of the law [of 1841 (5 Stat. 440)]. There are other objections as to the manner in which certain judgments are set forth. The general allegation is that the schedule is uncertain and indefinite; that the inventory is loose and uncertain in the description.

The main objection, however, is that the petitioner was a member of various firms, and it is not stated if they are dissolved. The provisions of the act do not look to the condition of other parties with whom the petitioner may be connected. It is immaterial whether the firm of which he was a member was insolvent or not. It may happen that a firm may be perfectly solvent, while one of the partners was not. That objection cannot be made available. A person may apply for the benefits of this law, without averring the dissolution of a partnership, or the insolvency of others with whom he may be connected. The objections on these grounds are not sustained.

Objections are also made to the manner in which the real estate is set forth in the schedule. He states the county and town, and gives the name of the grantor. That is sufficiently accurate.

The objections are overruled.